**Case No. 26-3221**

# United States Court of Appeals for the Ninth Circuit

WESTPORT INSURANCE CORPORATION *F/K/A* EMPLOYERS REINSURANCE CORPORATION

*Appellant*,

v.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS; ROMAN CATHOLIC BISHOP OF OAKLAND,

*Appellees.*

Appeal from the United States District Court
for the Northern District of California (No. 3:25-cv-06836-JSC)

## WESTPORT INSURANCE CORPORATION'S UNOPPOSED MOTION TO CONSOLIDATE APPEALS

James P. Ruggeri
Joshua D. Weinberg
Joshua P. Mayer
Sandra S. Schiller
Anna Belle Reilly
**RUGGERI PARKS WEINBERG LLP**
1875 K Street NW
Suite 600
Washington, DC 20006-1251
(202) 984-1400

Blaise S. Curet
**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**
2000 Powell Street
Suite 830
Emeryville, California 94608
(415) 352-6200

Robin D. Craig
**LAW OFFICE OF ROBIN D. CRAIG**
6114 La Salle No. 517
Oakland, California 94611
(510) 549-3330

*Counsel for Westport Insurance Corporation* f/k/a *Employers Reinsurance Corporation*

Pursuant to Federal Rule of Appellate Procedure 3(b)(2), Appellant Westport Insurance Corporation ("Westport") respectfully requests that the *Westport Insurance Corp. v. Roman Catholic Bishop of Oakland, et al.* and *Pacific Indemnity Co., et al. v. Roman Catholic Bishop of Oakland, et al.* appeals (the "Appeals") be consolidated for all purposes, including briefing and oral argument. Westport has informed Appellees of Westport's intent to make this Motion, and received no objection or opposition.

**BACKGROUND**

These two appeals both arise from the same order granting stay relief entered in the chapter 11 bankruptcy captioned *In re The Roman Catholic Bishop of Oakland*, Case No. 23-40523 (Bankr. N.D. Cal.) (WJL) (the "Bankruptcy Case"). The Debtor filed the Bankruptcy Case due to a surge of sexual abuse claims brought against the Debtor and certain non-debtor affiliates (the "Affiliates") following enactment of the California Child Victims Act (AB 218).

Over the objections of Westport and other certain insurers who have appealed in the *Pacific Indemnity* case, the Bankruptcy Court erroneously granted a motion by the Official Committee of Unsecured Creditors (the "Committee") seeking relief from the automatic stay (11 U.S.C. § 362(a)) to allow six state court lawsuits (the "Released Cases") against the Debtor and/or Affiliates to proceed to

resolution, with the plaintiffs' recovery (if any) to be limited to the insurance assets of the Debtor and/or Affiliates (the "Renewed Stay Relief Motion") (Bankr. Ct. Dkt. No. 2093). The District Court affirmed a timely appeal from that Order, and these Appeals, both of which are timely, followed. The Court has entered time schedule orders in each of the Appeals directing Certain Insurers to file their opening brief by June 23, 2026 (Case No. 26-3082), and directing Westport to file its opening brief by June 29, 2026 (Case No. 26-3221).

Consolidation, with all briefing to take place according to the schedule set forth in the *Westport Insurance Corporation* appeal (No. 26-3221), is appropriate here. Both Appeals challenge the same holding in the same Order and present the same questions for review: whether the district court erred in affirming the Stay Relief Order, including: (i) did the bankruptcy court improperly delegate to the state court the selection of the Released Cases; (ii) did the record below support the bankruptcy court's finding of "cause" for stay relief under 11 U.S.C. § 362(d)(1); (iii) did the Committee have adequate standing and/or authority to prosecute the Renewed Stay Relief Motion on behalf of individual abuse claimants; and (iv) did the Stay Relief Order create a "superpriority" class of abuse claimants in violation of ii U.S.C. § 1123(a)(4).

Consolidation will promote judicial efficiency. Although Appellants

presently intend to file separate briefs, consolidation would allow for one oral argument session in both Appeals, would enable Appellants to better coordinate their oral arguments to avoid duplication, and would create the opportunity for Appellees to file a joint answering brief (should they wish to do so).

Conversely, there is no benefit to progressing these Appeals on parallel but formally separate tracks. Nor would consolidation prejudice any Appellee in the Appeals. Westport has informed Appellees of Westport's intent to make this Motion, and received no objection or opposition.

## CONCLUSION

For the foregoing reasons, Westport respectfully requests that the Court consolidate the Appeals for all purposes.

Respectfully submitted this 5 day of May, 2026.

Dated: June 5, 2026

/s/ *Blaise S. Curet*

Blaise S. Curet (SBN 124983)
2001 Addison Street, Suite 110
Berkeley, CA 94704
Telephone: (415) 352-6200
Email: bcuret@spcclaw.com

**RUGGERI PARKS WEINBERG LLP**
By: */s/ Joshua P. Mayer*
Joshua D. Weinberg
Joshua P. Mayer
Anna Belle Reilly
1875 K Street NW, Suite 800
Washington, DC 20006-1251
Tel: (202) 469-7754
jweinberg@ruggerilaw.com
jmayer@ruggerilaw.com
areilly@ruggerilaw.com

*Attorneys for Appellant Westport Insurance Corporation*